

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00758-CV

**MIRACLE AUTOMOTIVE, INC. D/B/A MIRACLE BODY AND PAINT**,
Appellant

v.

**GEICO COUNTY MUTUAL INSURANCE COMPANY**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2021CV02730
Honorable David J. Rodriguez, Judge Presiding

Opinion by:      Irene Rios, Justice

Sitting:      Patricia O. Alvarez, Justice
      Luz Elena D. Chapa, Justice
      Irene Rios, Justice

Delivered and Filed: June 12, 2024

AFFIRMED

Appellant Miracle Automotive, Inc. d/b/a Miracle Body and Paint ("Miracle Auto") appeals the trial court's order granting Geico County Mutual Insurance Company's ("Geico") no-evidence summary judgment. In its motion for summary judgment, Geico asserted: (1) Miracle Auto must be a licensed vehicle storage facility to be entitled to compensation for storing the insured's vehicle after Geico declared the vehicle a total loss; and (2) Miracle Auto produced no evidence that it is a licensed vehicle storage facility under the Texas Occupations Code. The trial

court granted summary judgment. On appeal, Miracle Auto asks us to determine whether it must be licensed under chapter 2303 of the Texas Occupations Code as a vehicle storage facility to be entitled to compensation, under subsection 2303.156(b) of the Texas Occupations Code, for storing the insured's vehicle. We affirm the trial court's summary judgment.

## BACKGROUND

Geico's insured was in a vehicular accident. Following the accident, the insured's vehicle was towed to Miracle Auto for repairs. Initially, Geico wrote an estimate to repair the vehicle; however, less than a month later Geico reevaluated the estimate and deemed the vehicle a total loss. Geico paid to its insured the total loss amount minus the salvage value of the vehicle because it claimed the insured wanted to keep the vehicle. Miracle Auto demanded Geico retrieve the vehicle and remove it from Miracle Auto's premises. Geico refused, claiming it was the insured's responsibility.

Miracle Auto filed the underlying suit claiming it is entitled to compensation for storing the vehicle pursuant to subsection 2303.156(b) of the Texas Occupations Code. According to Miracle Auto's pleadings, it is entitled to receive $35.00 per day the vehicle remained on Miracle Auto's premises. The vehicle remained on Miracle Auto's premises for over 618 days.

Geico filed a no-evidence motion for summary judgment asserting subsection 2303.156(b) of the Texas Occupations Code only entitles a vehicle storage facility that is licensed under chapter 2303 of the occupations code to compensation from an insurance company for storing a vehicle following an accident.[1] Geico argued Miracle Auto is not entitled to compensation because there

---

[1] In the same filing, Geico asserted it was entitled to judgment as a matter of law under traditional summary judgment grounds because the insured consented to storage of the vehicle at Miracle Auto. Because the trial court did not rule on this ground, we do not address it here. In its original petition, Miracle Auto also sought recovery for the cost of labor performed and auto parts it purchased to repair the vehicle before Geico declared the vehicle a total loss. Geico asserted in its summary judgment motion that Miracle Auto is not entitled to reimbursement for parts under the Texas Occupations Code and Miracle Auto abandoned its claim for reimbursement for the auto parts in its live pleading.

is no evidence Miracle Auto is a licensed vehicle storage facility under chapter 2303 of the occupations code.

Miracle Auto responded that it is a vehicle storage facility as defined by subsection 2303.002(8) of the Texas Occupations Code and it does not need to be licensed by the state as a vehicle storage facility to be entitled to receive compensation under subsection 2303.156(b). Miracle Auto further argued it is a vehicle storage facility in accordance with the City of San Antonio's local ordinances. Miracle Auto attached as evidence the affidavit of Miracle Auto's president supporting its claim that Miracle Auto fits within the statutory definition of a vehicle storage facility and that it complies with local ordinances to be a vehicle storage facility.

The trial court granted Geico's no-evidence summary judgment and rendered a take-nothing judgment in Geico's favor. Miracle Auto appeals.

### STANDARD OF REVIEW

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "A no-evidence motion for summary judgment must be granted if, after an adequate time for discovery, the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial and the nonmovant fails to produce more than a scintilla of summary judgment evidence raising a genuine issue of material fact on those elements." *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex. App.—San Antonio 2008, pet. denied); *see also* TEX. R. CIV. P. 166a(i).

When reviewing a no-evidence summary judgment, we "examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue

of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *see also* TEX. R. CIV. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). "[M]ore than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* at 601 (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

## DISCUSSION

In two issues, which we construe as one, Miracle Auto argues it is not required to hold a license as a vehicle storage facility to be entitled to compensation for storing the insured's vehicle under subsection 2303.156(b) of the Texas Occupations Code. Miracle Auto argues Geico is required to compensate Miracle Auto for vehicle storage fees under subsection 2303.156(b) because Miracle Auto qualifies as a vehicle storage facility as defined by section 2303.002(8) of the Texas Occupations Code.

Here, the insurance carrier, Geico, claims Miracle Auto is not entitled to compensation under subsection 2303.156(b) because Miracle Auto does not hold a vehicle storage facility license. We must determine whether a party, holding itself out to be a vehicle storage facility, must have a license as such before it can recover vehicle storage fees from an insurance company. This appears to be an issue of first impression.

"Issues of statutory construction are reviewed de novo." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017). "In construing a statute, our objective is to determine and give effect to the [l]egislature's intent." *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). We "presume the [l]egislature chose the statute's language with care, purposefully

choosing each word, while purposefully omitting words not chosen." *In re CenterPoint Energy Hous. Elec., LLC*, 629 S.W.3d 149, 158–59 (Tex. 2021) (orig. proceeding).

However, we also recognize it is "a fundamental principle of statutory construction that words' meanings cannot be determined in isolation but must be drawn from the context in which they are used." *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 39 (Tex. 2018). "In ascertaining legislative intent, we read the entire statute as a whole and do not consider isolated sections, provisions, or terms in a vacuum." *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572, 582 (Tex. 2018). We presume the legislature wants all statutory provisions to be fully effective and we may insert additional words into a statutory provision only when it is necessary to give effect to the clear legislative intent. *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 409 (Tex. App.—Dallas 2010, pet. denied) (citing *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex. 1981)); *see also* TEX. GOV'T CODE ANN. § 311.021. Thus, we must construe statutes in a way that harmonizes and gives effect to the different provisions when possible. *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 716 (Tex. 2015) (orig. proceeding) (citing TEX. GOV'T CODE ANN. §§ 311.025, 311.026(a)); *Tex. Indus. Energy Consumers v. CenterPoint Energy Hous. Elec., LLC*, 324 S.W.3d 95, 107 (Tex. 2010).

Subsection 2303.156(b) of the Texas Occupation Code provides:

> An insurance company that pays a claim of total loss on a vehicle in a vehicle storage facility is liable to the operator of the facility for any money owed to the operator in relation to the delivery of the vehicle to or storage of the vehicle in the facility regardless of whether an amount accrued before the insurance company paid the claim.

TEX. OCC. CODE ANN. § 2303.156(b).

Miracle Auto argues the plain statutory language of subsection 2303.156(b) does not include the word "licensed" in front of vehicle storage facility and we cannot read the requirement

that a vehicle storage facility be licensed to be entitled to compensation under the statute when the legislature clearly excluded the word. For additional support, Miracle Auto points to subsection 2303.002(8) of the Texas Occupations Code, which defines "[v]ehicle storage facility" as "a garage, parking lot, or other facility that is: (A) owned by a person other than a governmental entity; and (B) used to store or park at least 10 vehicles each year." *Id.* § 2303.002(8). Again, Miracle Auto argues the omission of the word "licensed" preceding vehicle storage facility shows the legislature's intent to include unlicensed vehicle storage facilities within the definition of a facility that can recover compensation from an insurance company under subsection 2303.156(b).

Geico, on the other hand, argues the licensing requirement of a vehicle storage facility seeking recovery under subsection 2303.156(b) is embedded in subsection 2303.101(a) of the Texas Occupations Code. Subsection 2303.101(a) provides: "A person may not operate a vehicle storage facility unless the person holds a license issued under this chapter." *Id.* § 2303.101(a). Geico further notes section 2303.156 is listed under subchapter (D) of chapter 2303 of the Texas Occupations Code, which is titled: Practice by License Holder.

To support its position, Miracle Auto would have us read the definition of a vehicle storage facility and subsection 2303.156(b) in isolation from the rest of chapter 2303. However, we do not read statutory provisions in isolation from one another. Instead, we presume the legislature intended to create a cohesive statutory framework that gives effect to every provision; thus, we read statutes within the context of the entire statutory framework and must "strive to give the provision a meaning that is in harmony with other related statutes." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018); *see also City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 184 (Tex. 2022) (internal quotation marks omitted) ("Indeed, we consider the context and framework of the entire statute and meld its words into a cohesive reflection of legislative intent.").

Additionally, "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the . . . title (caption)" within the statutory framework. TEX. GOV'T CODE ANN. § 311.023(7); *see also Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 138 (Tex. 2017) (citing subsection 311.023(7) of the Texas Government Code when relying on the title of a rule of civil procedure to ascertain the drafter's intent); *TIC Energy and Chem., Inc. v. Martin*, 498 S.W.3d 68, 75 (Tex. 2016) ("[T]hough a statutory heading does not limit or expand a statute's meaning, the heading can inform the inquiry into the [l]egislature's intent."); ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 221 (2012) ("The title and headings are permissible indicators of meaning.").

Here, chapter 2303 of the Texas Occupations Code, titled "Vehicle Storage Facilities," is divided into the following seven subchapters:

A. General Provisions;
B. Powers and Duties of Commission and Department;
C. License Requirements, Issuance, and Renewal;
D. Practice by License Holder;
E. Acceptance and Disposition of Certain Property from Self-Service Storage Facility;
F. Administrative Penalty [Repealed]; and
G. Other Penalties and Enforcement Provisions.

The definition for vehicle storage facility is found in section 2303.002 under the general provisions in subchapter A. *See* TEX. OCC. CODE ANN. § 2303.002(8). While the definition of a vehicle storage facility does not expressly include a licensing requirement, it is clear from subsection 2303.101(a) of the Texas Occupations Code—under subchapter C and titled "Facility License Required"—that Miracle Auto must be licensed under chapter 2303 to operate a vehicle storage facility. *See id.* § 2303.101(a) ("A person may not operate a vehicle storage facility unless the person holds a license issued under this chapter."); *see also* TEX. GOV'T CODE ANN.

§ 311.026(a) ("If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both."). Subsection 2303.156(b), under which Miracle Auto seeks recovery of storage fees, conspicuously resides in the following subchapter D, titled "Practice by License Holder[.]" *See* TEX. OCC. CODE ANN. § 2303.156(b).

Once the legislature established that a vehicle storage facility must be licensed under subchapter C, it became unnecessary to repeatedly include the word "licensed" before "vehicle storage facility" throughout the provisions of a subsequent subchapter that was titled: "Practice by License Holder[.]" Viewing the statutes at issue here within the context of the statutory framework, the legislature intended for a vehicle storage facility to be licensed under subchapter C in order to obtain the benefits of provisions located in subchapter D. If this were not the case, the licensing requirement in section 2303.101 would be rendered meaningless. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133 (Tex. 2019) (holding our "approach to statutory construction requires us to study the language of the specific provision at issue, within the context of the statute as a whole, endeavoring to give effect to every word, clause, and sentence"); *see also* TEX. GOV'T CODE ANN. § 311.026(a).

The legislature's intent is made even more clear after reviewing all the provisions that were under subchapter D when chapter 2303 was originally enacted in 2001.[2] *See generally* Act of May 22, 2001, 77th Leg., R.S., ch. 1421, § 5, secs. 2303.151–2303.157, 2001 Tex. Gen. Laws

---

[2] When chapter 2303, subchapter D was enacted in 2001, the subchapter included the following sections:

- TEX. OCC. CODE § 2303.151;
- TEX. OCC. CODE § 2303.152;
- TEX. OCC. CODE § 2303.153;
- TEX. OCC. CODE § 2303.154;
- TEX. OCC. CODE § 2303.155;
- TEX. OCC. CODE § 2303.156;
- TEX. OCC. CODE § 2303.157.

Act of May 22, 2001, 77th Leg., R.S., ch. 1421, § 5, secs. 2303.151–2303.157, 2001 Tex. Gen. Laws 4920, 4983–85.

4920, 4983–85. None of the seven original sections enacted under subchapter D include the word "licensed" preceding "vehicle storage facility." *See id.*; *see also* TEX. GOV'T CODE ANN. § 311.023(1), (2), (4) (providing a court may, when construing a statute, consider the object sought to be attained, circumstances under which the statute was enacted, and former statutory provisions). However, it is clear from the title of subchapter D that the legislature intended all the provisions under subchapter D to apply to vehicle storage facilities that were licensed under subchapter C. For example, section 2303.153, as originally enacted in 2001, states a notice to a vehicle owner or lienholder must include the vehicle storage facility's "Texas Department of Transportation Vehicle Storage Facility License Number[.]"[3] *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1421, § 5, sec. 2303.153, 2001 Tex. Gen. Laws 4920, 4984. If the legislature intended the provisions in subchapter D to apply to licensed and non-licensed vehicle storage facilities, it would not have required a notice under subchapter D to include a state vehicle storage facility license number.

To conclude every provision under a subchapter titled "Practice by License Holder" applies to non-licensed vehicle storage facilities would lead to an absurd result.[4] *See Creative Oil & Gas*,

---

[3] The statute in its current form requires the notice to include the vehicle storage facility's "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number." *See* TEX. OCC. CODE ANN. § 2303.153(a)(7).

[4] Miracle Auto argues the legislature recognized application of chapter 2303 to non-licensed vehicle storage facilities in subsection 2303.003(b) of the Texas Occupations Code. Subsection 2303.003(b) states chapter 2303 "does not apply to a vehicle storage facility operated by a person licensed under [c]hapter 2301." *Id*. § 2303.003(b). However, section 2303.003(b) simply reinforces chapter 2301's provision that "[u]nless otherwise specifically provided by law not in conflict with [chapter 2301], all aspects of the distribution and sale of motor vehicles are governed exclusively by [chapter 2301]." *Id.* § 2301.004. Again, we assume the legislature created a cohesive framework when it enacted title 14 of the Texas Occupations Code. Section 2301.004 provides that all aspects of the distribution and sale of motor vehicles are governed exclusively by chapter 2301 unless specifically provided by law. *Id.* In subsection 2303.003(b), the legislature simply stated it did not intend for chapter 2303 to interfere with chapter 2301's exclusive governance of the distribution and sale of motor vehicles. *Id.* § 2303.003(b).

Miracle Auto also argues if the legislature intended to include a licensing requirement in the definition of "vehicle storage facility" in chapter 2303 it would have done so just as it did in chapter 2308 of the Texas Occupations Code. Chapter 2308 of the Texas Occupations Code pertains to vehicle towing and booting. In chapter 2308, "[v]ehicle storage facility" is defined as "a vehicle storage facility, as defined by [s]ection 2303.002, that is operated by a person

591 S.W.3d at 133 (holding courts enforce the plain meaning of statutory text "unless a different meaning is supplied by statutory definition, is apparent from the context, or the plain meaning would lead to an absurd or nonsensical result"). Because we may not construe statutes in a way that would lead to an absurd or nonsensical result, we hold a vehicle storage facility must be licensed under subchapter C before it may avail itself of the storage fee recovery provision in subsection 2303.156(b) of subchapter D. Because Miracle Auto failed to present a scintilla of evidence that it is licensed by the state as a vehicle storage facility, it has not met its burden to defeat Geico's no-evidence motion for summary judgment. Therefore, we conclude the trial court did not err when it granted Geico's no-evidence motion for summary judgment.

Accordingly, Miracle Auto's first and second issues are overruled.

## CONCLUSION

We affirm the trial court's judgment.

Irene Rios, Justice

---

who holds a license issued under [c]hapter 2303 to operate the facility." *Id.* § 2308.002(16). Unlike chapter 2303, however, a vehicle storage facility's licensing requirement is not embedded in a subsequent, specific provision of chapter 2308. Thus, it was necessary for the legislature to include the licensing requirement within the definition of vehicle storage facility in chapter 2308. We are not persuaded by Miracle Auto's arguments.